

FILED by _____ D.C.

APR 2 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**          06 - 20975

                                                   **Plaintiff,**

                                                                    Case No. _____

                                            **v.**

**AMERICAN ENTERPRISES, INC.,**          CIV UNGARO-BENAGES
**ROBERT YEAGER, and**
**DONNA YEAGER, et. al.,**

                                                   **Defendantss**          MAGISTRATE JUDGE
                                                                            O'SULLIVAN

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
## AS TO DEFENDANTS ROBERT YEAGER AND DONNA YEAGER

The Securities and Exchange Commission having filed a Complaint, and Defendants Robert

Yeager and Donna Yeager ("Defendants") having entered a general appearance, consented to the

Court's jurisdiction over Defendants and the subject matter of this action, consented to entry of this

Judgment of Permanent Injunction and Other Relief ("Judgment ") without admitting or denying the

allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of

law, and waived any right to appeal from this Judgment:

### I.

### VIOLATION OF SECTION 17(a)(1) OF THE SECURITIES ACT

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants and

Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Judgment by personal service or otherwise are permanently

restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities

Act") [15 U.S.C. § 77q(a)(1)] in the offer or sale of any security by the use of any means or instruments



of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud.

## II.

### VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

## VIOLATION OF SECTIONS 17(a)(2)
## AND 17(a)(3) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

## VIOLATION OF SECTION 5 OF THE SECURITIES ACT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means

or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)      Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)      Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## V.

## VIOLATION OF SECTION 15(a) (1) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that  Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment  by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by directly or indirectly, by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of securities, while acting as a broker or dealer engaged in the business of effecting transactions in securities for the accounts of others, but not registered as a broker-dealer in accordance with Section

15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## VI.

## ASSET FREEZE

A.      **IT IS FURTHER ORDERED** that, pending further Order of this Court, Defendants and Defendants' agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them who receive notice of this order by personal service, mail, facsimile transmission or otherwise, except any Receiver appointed by this Court by Order dated *April 20, 2006* be and hereby are restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property owned by, controlled by, or in the possession of Defendants, including, but not limited to, cash, free credit balances, fully paid for securities, and/or property pledged or hypothecated as collateral for loans, other than as ordered by Court.

B.      Notwithstanding Section VI. (A) above, the Defendants shall be entitled to the release of frozen funds to pay each of their reasonable living expenses. The amount of funds to which each Defendant shall be entitled and the duration for which each shall be entitled to those funds shall be the subject of good-faith negotiations between the parties to commence immediately upon the provision of the sworn accountings the Defendants are required to provide in Sections VIII. (a) and (b), below. If the parties cannot agree on specific amounts and/or durations within eleven (11) days of service of the sworn accountings described below in Sections VIII. (a) and (b) , they shall submit the matter to the Court for determination. If the matter is submitted to the Court, the entitlement of Defendants to reasonable living expenses shall be assumed; only the amounts and durations shall be

at issue.

C.      Also notwithstanding Section VI. (A) above, the Commission and the Receiver agree to enter into good-faith negotiations with the Defendants over the release of frozen funds to pay reasonable attorneys' fees.  The negotiations shall commence immediately upon (1) the provision of the sworn accountings the Defendants are required to provide in Sections VIII. (a) and (b) below and (2) their provision to the Receiver and the Commission of amounts already paid to and spent by their counsel of record in this case.  If the parties cannot agree on the release of frozen funds to pay attorneys' fees (including specific amounts) within eleven (11) days of service of Sections VIII (a) and (b) below, they shall submit the matter to the Court for determination.  If the matter is submitted to the Court, the entitlement of Defendants reasonable attorneys' fees shall be at issue along with amounts.

## VII.

## REPATRIATION ORDER

**IT IS FURTHER ORDERED** that Defendants and Defendants' attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, shall:

(a)      take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them or are under their direct or indirect control, jointly or singly, and deposit such funds into the registry of the United States District Court, Southern District of Florida; and

(b)      provide the Commission and the Court a written description of the funds and assets so repatriated.

## VIII.

## <u>ACCOUNTING</u>

**IT IS FURTHER ORDERED** that Defendants shall provide to the Receiver, the Commission, and the Court, a sworn accounting, in compliance with this provision of the Judgment as follows:

(a)      within ten (10) days of the date of this Judgment, Defendants shall provide an accounting of all assets, funds or other properties held by one or any of them, jointly or individually, or for each or any of their direct or beneficial interest, or over which one or any of them maintains control, wherever situated, stating the location, value and disposition of each such asset, fund, and other property; and,

(b)      within ten (10) days of the date of this Judgment, Defendants shall provide an accounting each account with any financial or brokerage institution maintained in any of their names, or for one or any of their direct or indirect beneficial interests, or over which one or any of them maintain control, wherever situated, and the names and last known addresses of all bailees, debtors, and other persons and entities which have held or are holding their assets, funds or other properties; and,

(c)      within ninety (90) days of the date of this Judgment, Defendants shall provide an accounting of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and property or other benefits (including the provision of or payment for services of a personal or mixed business and personal nature) received from any source since January 1998.

## IX.

### RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that, pending resolution of this case on the

merits, Defendants, its officers, directors, agents, servants, employees, attorneys, depositories, banks,

and those persons in active concert or participation with any one or more of them, and each of them,

be and hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating,

concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books,

records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements,

obligations, files and other property of or pertaining to the Defendants or any of them wherever

located, until further Order of this Court.

## X.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants shall pay

disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section

20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C.

§ 78u(d)(3)]. If the parties cannot agree on the appropriate amounts of disgorgement, prejudgment

interest and/or civil penalty, the Court shall determine those amounts, or any of them, upon motion

of the Commission. Prejudgment interest shall be calculated from April 17, 2006, based on the rate

of interest used by the Internal Revenue Service for the underpayment of federal income tax as set

forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement

8

and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties. Nothing in this Judgment shall prevent Defendants from presenting evidence of factors mitigating against the imposition of a civil penalty, or its amount.

## XI.

## **INCORPORATION OF CONSENT**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## XII.

## **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Judgment.

## XIII.

### <u>RULE 54(b) CERTIFICATION</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated this _20_ day of _April_ , 2006.

_____

UNITED STATES DISTRICT COURT JUDGE

**PAUL C. HUCK**

Copies to:  All parties and counsel of record

10