UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20975-CIV-HUCK/SIMONTON

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

JOHN P. UTSICK; ROBERT YEAGER; DONNA YEAGER;
WORLDWIDE ENTERTAINMENT, INC.;
THE ENTERTAINMENT GROUP FUND, INC.;
AMERICAN ENTERPRISES, INC., AND
ENTERTAINMENT FUNDS, INC.,

    Defendants.

_____/

FILED by _____ D.C.
Jul 27, 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## ORDER

This CAUSE is before the Court upon the Receiver's First Omnibus Motion for Authority to Pay Fees and Expenses Incurred By Professionals for the Period of January 1, 2006 - May 31, 2006 (DE#48), and the Securities and Exchange Commission's ("SEC") Notice of No Objection to Receiver's Omnibus Motion, filed on July 26, 2006. The court-appointed Receiver, Michael I. Goldberg, seeks authority to pay the fees and expenses incurred by him and his staff at Akerman Senterfitt; Kluger, Peretz, Kaplan & Berlin; Russell L. Forkey, P.A.; and Crisis Management Inc. for the work performed during the five-month period beginning on January 1, 2006. A hearing on the Motion was held on July 20, 2006. The Notice filed by the SEC subsequent to the hearing indicates that it has no objections to the Receiver's fee request, and no other objections have been filed in the record as of the date of this Order.

This Court has conducted a careful review of the Receiver's Omnibus Motion and its attachments, with particularly close attention given to the list of professionals that the Receiver



has employed, the rates of these professionals, and the amount of time these professionals spent on the various tasks that were performed. The amount of the Receiver's fee request for this initial five-month period is substantial. This Court finds however, that the request is nonetheless reasonable since the receivership contains an unusually large, complex and diverse portfolio of assets that present significant administrative and management challenges, especially in this initial stage of the receivership.

A review of the time records attached to the Motion indicates that the large majority of tasks performed during this initial stage both were necessary to the effective administration of the receivership and were completed in an efficient manner. It also appears that the work was delegated among the various levels of professionals without causing an inordinate amount of fees to accrue. To compensate for any redundancies in work that might have occurred, the Receiver reduced his fee request by $29,000.00. The Receiver also reduced the hourly rates of all of the professionals that assisted in the administration and management of the receivership. For example, the hourly rates of the Receiver and the Receiver's lead counsel were reduced from $475 to $360 per hour.

In light of this $29,000.00 write-off and the Receiver's reduction in the hourly rates of all the professionals assisting him, and based on this Court's review of the time records and its understanding of the vast and complex receivership estate, this Court finds that the Receiver's fee request should be honored. This Court, however, echoes its previous comments, as well as the statements made by the SEC in its Notice, with regard to the Receiver's need to reduce the number of attorneys in his work force and the accrual of attorney hours now that the initial stages of the receivership have been concluded.

For the foregoing reasons, it is hereby ORDERED and ADJUDGED as follows:

1. The Receiver's First Omnibus Motion for Authority to Pay Fees and Expenses Incurred By Professionals for the Period of January 1, 2006 - May 31, 2006 (DE#48) is **GRANTED**.

2. The Receiver is authorized to pay reasonable fees to Akerman Senterfitt in the amount of $560,882.00 and expenses in the amount of $38,427.96, for a total of $599,309.96.

3. The Receiver is authorized to pay Russell L. Forkey, P.A. the amount of $61,344.21, for his unpaid fees and expenses.[1]

4. The Receiver is authorized to pay reasonable fees to Kluger, Peretz, Kaplan, & Berlin in the amount of $411,643.60 and expenses in the amount of $12,953.64, for a total of $424,597.24.

5. The Receiver is authorized to pay reasonable fees to Crisis Management Inc. in the amount of $17,780.00 and expenses in the amount of $24.00, for a total of $17,804.00.

6. This Order is without prejudice to the Receiver's right to apply for authorization to pay other fees and expenses that actually accrued during this initial period but were not billed to the Receiver prior to the filing of its Motion, or his right to apply for authorization to pay future fees and expenses that are incurred.

DONE AND ORDERED in Chambers, Miami, Florida, this July 27, 2006.

Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record

---

[1] Although Mr. Forkey's billing statement dated June 1, 2006, indicates that the outstanding balance for his services up to May 31, 2006, equals $71,344.21, the Receiver has indicated that Mr. Forkey received a $10,000.00 reimbursement payment after the Motion was filed. Accordingly, his unpaid fees and expenses as of the date of this Order total $61,344.21.