UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20975-CIV-HUCK/SIMONTON

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOHN P. UTSICK,
ROBERT YEAGER,
DONNA YEAGER, et. al.,

Defendants.

## JUDGMENT OF DISGORGEMENT, CIVIL PENALTY AND OTHER RELIEF AS TO DEFENDANTS ROBERT YEAGER AND DONNA YEAGER

The Securities and Exchange Commission having filed a Complaint, and Defendants Robert Yeager and Donna Yeager ("Defendants") having entered a general appearance, consented to the Court's jurisdiction over Defendants and the subject matter of this action, by the consent attached hereto have agreed to the entry of this Judgment of Disgorgement, Civil Penalty and Other Relief ("Judgment"), without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment. This Court having accepted the Consent, orders as follows:

I.

### DISGORGEMENT AND CIVIL PENALTY

IT IS ORDERED AND ADJUDGED that the Yeagers are jointly and severally liable for disgorgement of $5,555,921 and prejudgment interest of $291,896, representing alleged proceeds directly or indirectly received in connection with the conduct alleged in the Complaint. In addition, the Yeagers shall pay a civil money penalty of $60,000 each (for a total of $120,000)

1

pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d) (the disgorgement, pre-judgment interest and civil penalty is collectively referred to hereafter as the "Funds"), for which let execution issue.

The Yeagers shall satisfy this disgorgement obligation by paying $3 million within 15 days of the entry of this Judgment to the Court appointed Receiver Michael Goldberg. The Yeagers shall pay the remaining obligation of $2,967,817 within 90 days of the entry of this Judgment to the Court-appointed Receiver, Michael Goldberg. By making these payments, the Yeagers relinquish all legal and equitable right, title, and interest in such Funds, and no part of the Funds shall be returned to them.

In partial satisfaction of disgorgement, the Yeagers shall stipulate and transfer funds currently held frozen in the following bank accounts to the receiver, within 90 days of the entry of this Judgment:

| | | |
|---|---|---|
| R. J. O'Brian<br>222 S. Riverside Plaza<br>Chicago, IL 60606 | Robert Yeager<br>Account No. 308 30448 | Balance as of March 16, 2006<br>$559,245.81 |
| Brookstreet Securities Corp<br>2361 Campus Drive, Suite 210<br>Irvine, CA 92612 | Robert F Yeager<br>Account No. OJR-776521 | Balance as of Feb. 28, 2006<br>$413,245.49 |
| Hayden-Harper Multi-Strategy Fund<br>c/o Ellington Hayden-Harper Financial, Inc.<br>1818 Lombardy Circle<br>Charlotte, NC 28203 | Robert Yeager<br>Partner No. 33 | Balance as of Jan 31, 2006<br>$219,595.01 |
| Wells Fargo<br>Tomorrow's Scholar | Robert F. Yeager | Balance as of Dec. 31, 2005<br>FBO Sydney R. Yeager: $68,386.21<br>FBO Jourdan Yeager: $65,672.76<br>FBO Brittany Yeager: $154,002.08<br>Total: $288,061.05 |
| Ameriprise Financial | Mr. Robert F. Yeager<br>Client No. 0910 0684 2807 7 004<br>Mrs. Donna D. Yeager<br>Client No. 0909 0685 9699 0 004<br>Group No. 0890 8491 7 001 | Value as of Dec. 31, 2005<br>$157,381.23 |
| Washington Mutual<br>P.O. Box 2437 | Robert F. Yeager<br>Donna Yeager | Balance as of Dec. 15, 2005<br>$7,714.69 |

{FT368172;1}

| Chatsworth, CA 91313 | Account No. 180-390255-0 | |
| --- | --- | --- |
| USAA FED SVGS BNK CUST ROTH IRA | Robert Yeager Account No. 31900856593 | Balance as of June 30, 2005 $5,859.14 |
| Washington Mutual P.O. Box 2437 Chatsworth, CA 91313 | SDB Consulting 196-193423-9 | Balance as of Feb. 28, 2006 $461,853. |

The Yeagers shall receive a dollar for dollar credit against the Judgment for any cash they turn over to the Receiver. In the event the Yeagers turn securities over to the Receiver, the Receiver shall promptly liquidate any such securities, and the Yeagers shall receiver credit for the "net" proceeds of such securities, after payment of commissions, costs of sale and any liens or encumbrances on such securities.

The Yeagers shall receive a credit against the Judgment for the sale of non-liquid assets for the net proceeds of such assets after the payment of commissions, costs of sale, carrying costs, taxes, mortgages, liens, encumbrances or any other sums which lessen the amount of proceeds realized by the receivership estate. The Receiver will make reasonable efforts to consult with the Yeagers in liquidating their assets in order to maximize their value, however, the Receiver shall have sole discretion over the timing and manner of the sale.

If the Yeagers fail to make any single payment, or part of any single payment, of the Funds within the precise time specified for such payment, the installment payment terms of this Judgment shall no longer apply, and the full amount of the remaining unpaid disgorgement, prejudgment interest and civil penalty shall be immediately due, owing and payable, plus post-judgment interest on such remaining unpaid amount calculated at the rate of interest set forth in Rule 600(b) of the Commission's Rules of Practice, 17 C.F.R. § 201.600(b), from the date of entry of this Judgment until such amount is paid in full.

The Yeagers shall simultaneously transmit photocopies of such payments and cover letter

to Robert Levenson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Miami, Florida, 33131. By making these payments, the Yeagers relinquish all legal and equitable right, title, and interest in such Funds, and no part of the funds shall be returned to them.

The Yeagers agree they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that they pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. The Yeagers further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that they pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## II.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that the Yeagers shall comply with all of the undertakings and agreements set forth therein.

## III.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Judgment.

IV.

## ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that the asset freeze currently in effect against the Yeagers as set forth in this Court's Order of April 20, 2006 is vacated and set aside in all respects.

V.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated this 13 day of July, 2007.

_____
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record