UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-CV-20975-PCH

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

JOHN P. UTSICK, *et al.*

    Defendants.
_____/

## ORDER GRANTING RECEIVER'S MOTION FOR AUTHORITY TO SELL REMAINING LIFE INSURANCE POLICIES

**THIS MATTER** is before the Court without hearing on the *Motion for Authority to Sell Remaining Life Insurance Policies and Incorporated Memorandum of Law* (the "Motion") [ECF No. 736] filed by Michael I. Goldberg, the Court-appointed receiver[1] (the "Receiver"). The Court, having reviewed the Motion, being advised that counsel for the Securities and Exchange Commission has no objection to the relief requested in the Motion, and finding that the Receiver has made a sufficient and proper showing in support of the relief sought, does hereby

    **ORDERED, ADJUDGED AND DECREED**, as follows:

    1.    The Motion is **GRANTED**.

    2.    The Receiver is authorized to sell the receivership estate's rights, title, and interest in and to the John Hancock Universal Life Insurance Policy No. ending in 2683 ("Policy No. 2683") and the Brighthouse Financial f/k/a MetLife Universal Life Insurance (the "Insurance Company") Policy No. ending in 7253 ("Policy No. 7253" and together with Policy No. 2683, the

---

[1] The Court-appointed Receiver over Worldwide Entertainment, Inc., The Entertainment Group Fund, Inc., American Enterprises, Inc., and Entertainment Funds, Inc. (collectively, the "Receivership Entities").

"Policies") pursuant to the Life Settlement Purchase Agreement (the "Agreement"). A copy of the Agreement is attached to the Motion as <u>Exhibit A</u>.

3. Pursuant to the Agreement, the Receiver will transfer and assign 100% of the receivership estate's ownership interest in both Policies, and in exchange, will retain the following benefits under Policy No. 7253 <u>only</u> (the "Retained Death Benefit"):

(a) $7,000,000.00 of the death benefits under Policy No. 7253 if the John P. Utsick (the "Insured") dies within the first one year period, beginning on the date that both the change of ownership and change of beneficiary confirmations are successfully completed on the record books of the Insurance Company (the "Closing Date");

(b) $6,500,000.00 of the death benefits payable under Policy No. 7253 if the Insured dies within second one year period, beginning on the Closing Date;

(c) $6,000,000.00 of the death benefits payable under Policy No. 7253 if the Insured dies within third one year period, beginning on the Closing Date;

(d) $5,500,000.00 of the death benefits payable under Policy No. 7253 if the Insured dies within the fourth one year period, beginning on the Closing Date;

(e) $5,000,000.00 of the death benefits payable under Policy No. 7253 if the Insured dies within the fifth one year period, beginning on the Closing Date;

(f) $4,000,000.00 of the death benefits payable under Policy No. 7253 if the Insured dies within the sixth one year period, beginning on the Closing Date;

(g) $3,000,000.00 of the death benefits payable under Policy No. 7253 if the Insured dies within the seventh one year period, beginning on the Closing Date;

(h) $2,000,000.00 of the death benefits payable under Policy No. 7253 if the Insured dies within the eighth one year period through the ninth one year period, beginning on the Closing Date; and

(i) $0.00 of the death benefits payable under Policy No. 7253 if the Insured dies within the tenth one year period and through policy maturity, beginning on the Closing Date.

4. The Insurance Company will list the Retained Death Benefit in its records and will remit payment to the Receiver (and/or any co-beneficiary named by the Receiver) in accordance

with the above schedule in the event the Insured passes during the time frame set forth herein. The Insurance Company will remit the balance to the Purchaser.

5.  The Receiver is further authorized to execute any documents and take any actions reasonably necessary to consummate the transactions contemplated therein.

6.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**DONE AND ORDERED** in Miami, Florida on April 30, 2021.

_____
**PAUL C. HUCK**
**UNITED STATES DISTRICT JUDGE**

<u>Copies furnished to:</u>
All counsel of record