UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 06-20975-CIV-HUCK / OTAZO-REYES

**SECURITIES AND EXCHANGE COMMISSION,**

  **Plaintiff,**

vs.

**JOHN P. UTSICK, ROBERT YEAGER, DONNA YEAGER, WORLDWIDE ENTERTAINMENT, INC., THE ENTERTAINMENT GROUP FUND, INC., AMERICAN ENTERPRISES, INC. AND ENTERTAINMENT FUNDS, INC.,**

  **Defendants.**

_____/

**ORDER GRANTING RECEIVER'S MOTION FOR AUTHORITY TO EXECUTE ASSIGNMENT AND LIFE INSURANCE CHANGE OF <u>BENEFICIARY FORMS AND INCORPORATED MEMORANDUM OF LAW</u>**

  This matter came before the Court without hearing upon the *Motion for Authority to Execute Assignment and Life Insurance Change of Beneficiary Forms and Incorporated Memorandum of Law* (the "Motion") [ECF No. 738] filed by Michael I. Goldberg, the Court-appointed receiver[1] (the "Receiver"). The Court, having reviewed the Motion, being advised that counsel for the Securities and Exchange Commission has no objection to the relief requested in the Motion, and finding that the Receiver has made a sufficient and proper showing in support of the relief sought, does hereby

  **ORDERED, ADJUDGED AND DECREED**, as follows:

  1.  The Motion is **GRANTED**.

  2.  The Receiver is authorized to execute the Assignment Form[2] attached as <u>Exhibit A</u> to the Motion and the Beneficiary Form attached as <u>Exhibit B</u> to the Motion.

---

[1] The Court-appointed Receiver over Worldwide Entertainment, Inc., The Entertainment Group Fund, Inc., American Enterprises, Inc., and Entertainment Funds, Inc. (collectively, the "Receivership Entities").

[2] Capitalized terms not otherwise defined herein take on the meaning ascribed to them in the Motion.

3. The Purchaser and the Purchaser Transferee both remain responsible for the covenants and obligations of Section 6 of the Agreement, notwithstanding any provisions of the Agreement to the contrary.

4. Brighthouse Financial is required to remit the Retained Death Benefit under Policy No. 7253 directly to the Receiver and the balance to the Purchaser Transferee in accordance with the Retained Death Benefit schedule reflected in the Sale Order.

5. The Receiver is further authorized to execute any future Beneficiary Form on as needed basis, as the receivership estate's Retained Death Benefit decreases in accordance with the Retained Death Benefit schedule set forth in the Sale Order.[3]

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**DONE AND ORDERED** in Miami, Florida on March 25, 2022.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record

---

[3] After year nine, any right the receivership estate has to share in the death benefit ceases.